*James P. Gay et al.* v. *John S. Gay.* J. RHOADES, for appellant. Heard ex parte.

THE CHANCELLOR. This is an appeal from so much of the decree of the vice chancellor of the seventh circuit as denies the defendant's set-off to the extent of the costs of the complainant's solicitor.

As the judgments which the defendants asked to have set off were assigned to him while the original complainant was the sole owner of the demand for which the suit was brought, and before he assigned his demand to E. A. & A. W. Lee & P. R. Morrison, it was a matter of right for the defendant to offset those judgments against the amount due from him to the original complainant. If the decree therefore had been made in the name of the original complainant, as the cause stood when it was brought to hearing in the first place, it

would have been proper to have offset the judgments against the amount decreed, upon motion for that purpose.

When the assignees of the complainants, therefore, filed their original bill in the nature of a bill of revivor and supplement to have the benefit of the former proceedings, the defendant rightfully set up his defence by way of set-off in his answer to that bill, and the whole amount of the judgments should have been allowed to him as a set-off against the whole debt decreed against him, or so much thereof as was necessary to satisfy those judgments, without reference to the claim of the complainant's solicitor against his clients.

If costs had been decreed to the complainants as against the defendant, the case of *Dunkin* v. *Vandenburgh*, (1 *Paige's Rep.* 622,) would have been a decision in favor of refusing to offset the defendant's judgments against those costs, which in equity would have belonged to the solicitor. But since that case was reported, the court for the correction of errors has in effect overruled it, in the case of *Nicoll* v. *Nicoll*, (15 *Wend. Rep.* 446;) and it may now be considered as settled in this state, that the attorney or solicitor's lien for costs must yield to the right of the adverse party to set off, even as against the costs awarded against such party as costs merely.

The decree in this case was therefore erroneous in not awarding the whole set-off as claimed, and must be reversed in the matter appealed from by the defendant, and the set-off allowed as claimed by the appellant.